IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Bankruptcy No. 12-23166-JAD |
| | : | |
| BURTON SAMUEL COMENSKY, | : | Chapter 7 |
| | : | |
| Debtor. | : | |
|―――――――――――――――――――X | : | |
| | : | |
| BURTON SAMUEL COMENSKY, | : | Related to Doc. # 74 |
| | : | |
| Movant, | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF DUQUESNE, | : | |
| | : | |
| Respondent. | : | |
|―――――――――――――――――――X | | |

**MEMORANDUM OPINION**

The matter before the Court is a *Notice of Contempt and Non-Compliance of Court Order* (the "Notice") filed by the debtor, Burton Samuel Comensky (the "Debtor") against the City of Duquesne (the "City"), in relation to the City's actions in prosecuting a complaint against the Debtor for violations of the City's property maintenance code after the Debtor was granted a discharge. In view of the substance of the Debtor's Notice, filed pro se, the Court treated the Notice as a Motion to Enforce the Discharge Order.

These matters are core proceedings over which the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157(b)(2)(A) and 1334. For the reasons set forth more fully below, the Court denies the relief requested in the Debtor's Notice.

**I.**

The pro se Debtor voluntarily filed a chapter 7 bankruptcy petition on June 21, 2012.  Thereafter, on September 20, 2012, the City filed a criminal complaint (the "Complaint") in Magisterial District 05-2-47 against the Debtor alleging that the Debtor was in violation of the City's Property Maintenance Code due to the Debtor's failure to repair and maintain his residence.  (See Doc. # 32, Attachment 2, pp. 1, 3).  In response, the Debtor filed a *Motion for Sanctions for Violation of the Automatic Stay* and *Motion for Emergency Injunction* against the City on October 19, 2012, arguing that prosecution of the Complaint violated the automatic stay pursuant to 11 U.S.C. § 362(a)(3).  On November 30, 2012, this Court entered a *Memorandum Order* (the "Memorandum Order") denying the Debtor's motion, finding that "the City's prosecution of its Complaint against the Debtor is an exercise of its regulatory powers to protect the safety and welfare of the public," and is therefore excepted from the automatic stay pursuant to section 362(b)(4).  (See Doc. # 61).

The Court entered an order granting the Debtor a discharge on January 20, 2013 (the "Discharge Order"), and the case was closed the same day.  (See Doc. ## 69, 70).  Subsequently, a hearing was held on January 28, 2013 before Magisterial District Judge Scott H. Schricker on the Property Maintenance Code violations.  The Debtor was unable to attend the hearing, and Magistrate Schricker entered a default order against the Debtor ordering him to make payments to the Magisterial District Court in the amount of $1,269.00 (the

"Default Order"). (See Doc. # 74, Exhibit C-3). The Debtor filed an appeal to the Court of Common Pleas, which is currently pending. (See id. at unnumbered p. 2; Hearing Held in Courtroom D, March 12, 2013 (10:14 AM)).

The Debtor then filed the Notice currently before the Court on February 7, 2013, prompting the Court to reopen the bankruptcy case. (See Doc. ## 74, 75) In its Notice, treated as a Motion to Enforce the Discharge Order, the Debtor alleges that the City violated the Memorandum Order by not notifying Magistrate Schricker about the order and its language regarding a requirement for a separate application to the court for any collection or enforcement of a money judgment. (See Doc. # 74, p. 1). The Debtor requests that this Court grant an injunction against the enforcement of the fines levied, find the City and its counsel in contempt of Court, and levy sanctions against them in the amount of $1,269, reflecting the amount of fines reduced to judgment against the Debtor at the January 28, 2013 hearing before Magistrate Schricker. (See id.).

The City filed a *Response* and *Brief in Support* on February 25, 2013. (See Doc. ## 82, 83). A hearing on the Debtor's Notice was held on March 12, 2013 (the "Hearing"), at which point the City asserted that it has "no intention to go after [the Debtor] for any money judgment or for repayment of any fine," but that it does "need to have him found guilty of … our code enforcement issues in order to be able to proceed as to condemnation and demolition." (See Hearing Held in Courtroom D, March 12, 2013 (10:20 – 10:21 AM)). The issue is now ripe for decision.

## II.

The Debtor asserts that the entry of the Default Order was in violation of both the Memorandum Order and the Discharge Order, while the City believes that it is permitted to proceed in prosecuting the Complaint, because just as its actions were not subject to the automatic stay under the police and regulatory exception, such actions are also excepted from the post-discharge injunction codified at 11 U.S.C. § 524.  (See Hearing Held in Courtroom D, March 12, 2013 (10:20 AM)).

The permanent discharge injunction arises under section 524(a) of the Bankruptcy Code, which provides in relevant part that a discharge in a bankruptcy case "voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727 . . . of this title, whether or not discharge of such debt is waived," and "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover, or offset and such debt as a personal liability of the debtor, whether or not discharge of such debt is waived."  11 U.S.C. § 523(a)(1)-(2).  A willful violation of the post-discharge injunction is punishable by contempt sanctions.  In re Pincombe, 256 B.R. 774, 782 (Bankr. N.D. Ill. 1995).  The Court's authority to impose these sanctions stems from 11 U.S.C. § 105(a), which allows the Court to issue any order necessary or appropriate to enforce its orders.  In re Barr, 457 B.R. 733, 735 (Bankr. N.D. Ill. 2011).  See also Brown v. Bank of America (In re Brown), 481 B.R. 351, 357 (Bankr. W.D.

Pa. 2012) ("Courts have determined that the remedy available to a debtor asserting a violation of the discharge injunction is a civil contempt proceeding pursuant to § 105(a).").

Bankruptcy Courts in the Western District of Pennsylvania have held that, "[i]n order to establish civil contempt [for violations of the discharge injunction], the debtor must prove that (1) a valid court order existed; (2) the alleged contemnor knew of the order; and (3) the contemnor disobeyed the order." In re Brown, 481 B.R. at 357, citing Bonanno v. HSBC Card Servs. (In re Bonanno), Adv. No. 08-7035-BM, 2009 WL 8556815, at *6, 2009 Bankr.LEXIS 5544, at *13-14. See also In re Barr, 457 B.R. at 735, citing OakFabco, Inc. v. American Standard, Inc. (In re Kewanee Boiler Corp.), 297 B.R. 720, 736 (Bankr. N.D. Ill. 2003) ("In order to prove that a discharge injunction has been violated, the debtor must show that the creditor acted intentionally, with knowledge that his act was in violation of the automatic stay or injunction.").

Here, two valid orders existed: the Discharge Order and the Memorandum Order. The Discharge Order provides, in relevant part, "The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor . . . , to file or continue a lawsuit, to attach wages or other property, or to take any action to collect a discharged debt from the debtor." (See Doc. # 69, p. 2). The Memorandum Order provides, in part, that its "determination that the City's

action is excepted from the automatic stay is not an authorization from this Court to enforce a money judgment against the Debtor." (See id. at p. 9).

The City has not argued that it was unaware of either order, and since the City was noticed on both, the Court finds the City knew of both. Thus, the issue before the Court is whether the City violated either order, or more specifically, whether the entry of Magistrate Schricker's Default Order constitutes an act by the City to collect, assess, or recover a claim against the Debtor. For the reasons set forth more fully below, the Court finds that the City violated neither the Discharge Order nor the Memorandum Order, because the Debtor cannot prove that the City intends to collect or enforce the Default Order.

### III.

The Court first notes that the City's prosecution of its Complaint is not a violation of the permanent discharge injunction. "[I]f administrating proceedings in pursuit of a governmental entity's regulatory powers are excepted from the automatic stay, continuation of the same proceedings after a debtor's discharge should not violate the post-discharge injunction under § 524(a)." In re Pincombe, 256 B.R. at 783. See also Phillips v. City of South Bend (In re Phillips), 368 B.R. 733 (Bankr. N.D. Ind. 2007) (city's enforcement orders imposing fines and directing Chapter 7 debtor to cure public nuisance condition on her property were legitimate exercise of its police or regulatory power, and thus did not violate discharge injunction, where fines were to cover costs incurred by city in performing clean-up work and safety repairs, and city

did not attempt to enforce money judgment or to create pecuniary advantage for itself). Thus, because the City's prosecution of its Complaint was excepted under § 362(b)(4), its prosecution of the Complaint is also excepted from the permanent discharge injunction.

However, "it is clear under the case law the proceedings excepted from the stay under § 362(b)(4) may not continue beyond the entry of a monetary judgment." In re Pincombe, 256 B.R. at 783. Thus, while the entry of a monetary judgment can be excepted from the discharge injunction, its collection cannot. See, e.g., N.L.R.B. v. 15th Ave. Iron Works, Inc., 964 F.2d 1336, 1337 (2d Cir. 1992) ( "[t]he collection of [a money] judgment after entry ... is not authorized ... and requires a separate application to the bankruptcy court."); SEC v. Brennan, 230 F.3d 65, 72-73 (2d Cir. 2000) ("[O]nce liability is fixed and a money judgment has been entered, the government necessarily acts only to vindicate its own interest in collecting its judgment.").

Because the City has no intention to collect the judgment, the Court finds that the City did not willfully violate either the Discharge Order or the Memorandum Order. When a violation of the discharge injunction of § 524(a) is at issue, a finding of contempt is appropriate when the creditor's actions are found to be "willful." In re Pincombe, 256 B.R. at 782–83. Couched in the language of § 524, a "willful" violation of the discharge injunction takes place "if the creditor knew the discharge injunction was invoked and intended the actions which violated the discharge injunction." In re Perviz, 302 B.R. 357, 370 (Bankr. N.D. Ohio 2003), citing Poole v. U.B. Vehicle Leasing, Inc. (In re

Poole), 242 B.R. 104, 110 (Bankr. N.D. Ga. 1999). The burden rests with the debtor to show a violation by clear and convincing evidence. See, e.g., In re Brown, 481 B.R. at 357; John T. ex rel. Paul T. v. Delaware County Intermediate Unit, 318 F.3d 545, 552 (3d Cir. 2003).

At the Hearing, the City asserted that it has "no intention to go after . . . any money judgment or . . . repayment of any fine," but rather that it is pursuing a money judgment as an initial step "in order to be able to proceed as to condemnation and demolition." (See Hearing Held in Courtroom D, March 12, 2013 (10:20 – 10:21 AM)). No evidence, documents, or information was presented to the Court suggesting otherwise.

Furthermore, the Debtor has failed to meet its burden in proving that the City has made any attempts to collect or enforce the judgment. The Debtor has not submitted any evidence of any affirmative action on behalf of the City to collect or enforce the Default Judgment, but has only submitted that the entry of the Default Order itself is a violation of the discharge injunction. A violation of section 524 "require[s] some affirmative collection efforts on the part of the creditor in order [to violate the] discharge injunction." In re Dendy, 396 B.R. 171, 179 (Bankr. D.S.C. 2008). The Court finds that the entry of the default order against the Debtor, which the Debtor has appealed to the Court of Common Pleas, does not constitute an "affirmative collection effort" on behalf of the City in violation of the discharge injunction. See, e.g., In re Casarotto, 407 B.R. 369 (Bankr. W.D. Mo. 2009) (creditor's mere refusal to release lien, even an invalid lien, does not violate discharge injunction, absent some attempt to

enforce lien, a violation of court order, or an intent to collect a discharged debt). Furthermore, as the judgment is currently pending appeal to the Court of Common Pleas, the City is unable to take any steps toward collection or enforcement of such judgment. (See Hearing Held in Courtroom D, March 12, 2013 (10:14 AM)).

Thus, the Debtor has not met its burden in proving to the Court with clear and convincing evidence that the City willfully violated the discharge injunction, and as such has failed to prove all three elements necessary to establish civil contempt. See In re Brown, 481 B.R. at 357.

**IV.**

In conclusion, because the City does not intend to collect or enforce a money judgment against the Debtor, the Court finds that the City has not violated either the Memorandum Order or the Discharge Order. Thus, the Court hereby denies the relief requested within the Debtor's Notice.

Date: May 3, 2013                           /s/ Jeffery A. Deller
                                            **JEFFERY A. DELLER**
                                            United States Bankruptcy Judge

**CASE ADMINISTRATOR TO MAIL TO:**
    Burton Samuel Comensky
    Jessica L. Crown, Esq.
    Chapter 7 Trustee
    Office of the U.S. Trustee